## No. 6137.

### JOHN I. ADAMS & CO. VS. JOHN NELSON ET ALS.

No plea of non-joinder or mis-joinder of plaintiffs having been made, the court cannot supply the plea, and base its judgment on an actual non or mis-joinder developed by the evidence. When the plaintiffs sue as a partnership, and defendant admits the truth of certain allegations made in the petition, he thereby waives his right to avail himself of a variance between the persons suing and those whom the evidence shews compose the partnership.

Where a mortgage secures the payment of notes in favor of any future holder of them, even if the suing firm is composed of different persons from the firm in whose favor the notes were executed, the stipulation as to any future holder entitles the firm, as newly constituted, to sue upon them.

APPEAL from the District Court for Lafourche.    BEATTIE, J.

*Clay Knoblock* for the Plaintiffs.    *Goode & Winder* for the Defendants.

Bostick & Seymour *vs.* Mendenhall & Kitchell.

The suit is upon five notes of eight thousand dollars each, secured by mortgage, and for the enforcement of the mortgage. The testimony having disclosed that West was a member of the Adams firm when the transactions commenced, but had ceased to be when this suit was instituted, and that Renaud was not a member at first, but became one afterwards, the defendants urged in argument the fact of mis and non-joinder. No plea had been filed. The court gave judgment for the defendants upon the ground urged in argument.

MANNING, C. J. This is manifest error. No exception or plea had been filed, and the court cannot supply one. The judgment of the lower court is based upon the variance of proof and allegation, but the answers admitted that advances had been made by the plaintiffs, and did not deny the composition of the firm as alleged in the petition, and these admissions of record cannot be recalled in argument.

Where a defendant in his answer admits certain allegations of plaintiffs, who are suing as a partnership, to be true, it is a waiver of his right to take any advantage of any variance between the names of the persons stated in the petition as composing the partnership, and those disclosed in the evidence, unless he has by special plea put that variance at issue. Gebecke *v.* Stauby, 1 La. Ann. 17.

But there is another reason that should not be overlooked, of special applicability to this case. The act of mortgage secured the payment of the notes recited in it in favor of any future holder of them. Concede that the firm of Jno. I. Adams & Co., as constituted when the notes were executed, was composed of different persons from those who were members of it when the suit was instituted, as was certainly the case, the new firm was owner of them then, and the stipulation as to any future holder, entitled them to sue upon them in the name of the firm as newly constituted.

*Judgment reversed and for plaintiffs.*